**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JUAN CARLOS PONCE MENDOZA,** | : | |
| | : | **Case No. 16-CV-0001** |
| **Petitioner,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Terence P. Kemp** |
| **YURITHZI OLVERA ESQUIVEL,** | : | |
| | : | |
| **Respondent.** | : | |

**OPINION & ORDER**

Before the Court is Respondent Yurithzi Olvera Esquivel's Motion to Stay Pending

Appeal pursuant to Federal Rule of Civil Procedure 62(d) (Doc. 49). Respondent asks the Court

to stay its April 12, 2016 Order granting Petitioner's request to have his children returned to

Mexico from the United States pursuant to the 1980 Hague Convention on Civil Aspects of

International Child Abduction ("Hague Convention"), as implemented in the United States by

the International Child Abduction Remedies Act, 22 U.S.C. § 9003 *et seq.* ("ICARA"). For the

reasons that follow, the Court **DENIES** the motion.

**I. BRIEF BACKGROUND**

Petitioner filed a complaint in this manner on January 4, 2016, seeking the return of his

children to their hometown in the State of Michoacán, Mexico. (Doc. 2.) According to Petitioner,

Respondent had unilaterally and illegally removed from Mexico to the United States two

children Petitioner and Respondent share. Petitioner sought the children's return pursuant to the

Hague Convention as implemented by ICARA. On April 5 and 6, 2016, the Court held a hearing

on Petitioner's Complaint. *See* Docs. 36, 38. At that hearing, Petitioner and Respondent elicited

testimony and presented evidence for their respective cases. Petitioner testified as follows:

1

He lives in Tuxpan, Michoacán, where he works for the city government planning civic
and municipal events. (Doc. 39 at 2.) He is the biological father of the children, then aged 6 and
8. (*Id.*) In their home in Tuxpan, the children each had their own room. (*Id.*) The children
attended preschool, always had adequate food and clothing, received proper medical care, and
were of average height and weight. (*Id.*) Petitioner presented photographs of him and the
children depicting them together at various events. Although Respondent and the children moved
out of the family home and into Respondent's parents' home in 2012 for reasons unknown to
Petitioner, Petitioner nonetheless visited the children every weekend (and sometimes during the
week), and continued to assist the children financially. While in Tuxpan, Petitioner and
Respondent entered into an agreement together spelling out their respective roles in the
children's lives. The agreement states, among other things, that Petitioner would provide 800.00
pesos for the children biweekly, and that he would have the children on Saturdays and Sundays
from 10:00 a.m. to 7:00 p.m. At some point after signing that agreement, Respondent and the
children moved back in with Petitioner. At some point after that, Respondent asked Petitioner
about moving with the children to the United States. Petitioner expressed his desire not to do so.
Respondent indicated that she would enter the United States illegally and then apply for asylum.
Petitioner did not agree to that plan.

Nevertheless, on February 20, 2015, Respondent went to work as usual, but when he
came home, Respondent and the children were gone. Petitioner looked for them and asked
Respondent's parents about the children's whereabouts. Petitioner learned that Respondent had
taken the children to the United States. Petitioner did not have contact with Respondent until
April of 2015, when Respondent demanded that Petitioner give Respondent power of attorney of
the children if Petitioner ever wanted to know where his children were. Petitioner had no contact

with his children from February 2015 through January 2016, when the Court granted Petitioner's motion for a temporary restraining order, which ordered Respondent not to remove the children from the Court's jurisdiction and to allow weekly phone calls between children and Petitioner.

Petitioner has recently finished construction on a new home, in which he currently lives. At the hearing, Petitioner introduced as evidence a document from the Mexican Government stating that Petitioner has no criminal history. Petitioner also offered evidence that he had submitted voluntarily to a drug test.

At the evidentiary hearing, Respondent testified that she witnessed Petitioner using drugs, and that he would push and grab her. Respondent further testified that Petitioner would mistreat her. Respondent also alleged that Tuxpan was dangerous. Nevertheless, Respondent let the children walk to school, walk to neighborhood stores, and play outside. Respondent also discussed her attempt to obtain asylum in the United States, and she acknowledged that the United States immigration denied her application. She further acknowledged that, if her appeal of that decision is denied, she will have to return to Mexico.

Following the two-day evidentiary hearing the Court granted Petitioner's petition on April 12, 2016, ordering the children to be returned to Mexico within thirty days of the Court's order. (Doc. 39 at 21.) On May 3, 2016, Respondent entered a Notice of Appeal on the docket, notifying the Court that Respondent had petitioned the United States Court of Appeals for the Sixth Circuit (Case No. 16-3460) to review the Court's April 12, 2016 Order. *See* Doc. 48. On May 4, 2016, Respondent filed the motion to stay pending appeal now at issue.

## II. STANDARD OF REVIEW

The Court will analyze the four factors traditionally guiding determinations of a stay of return order:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Chafin v. Chafin*, 133 S.Ct. 1017, 1027 (2013) (citations and internal quotation marks omitted). The Sixth Circuit counsels that stays of an order returning a child under the Hague Convention "should hardly be a matter of course." *Friedrich v. Friedrich*, 78 F.3d 1060, 1063 n.1 (6th Cir. 1996). This is because "[t]he aim of the Convention is to secure prompt return of the child to the correct jurisdiction," and delays make that return more difficult both for the lives of the children and for the subsequent adjudication in the foreign court. *Id.*

### III. ANALYSIS

Respondent cites no law whatsoever to support her motion for a stay, and she does not allege any new facts, but rather merely "maintains that Petitioner did not have custodial rights regarding the minor children." (Doc. 49 at 2.) This is no showing that Respondent will likely succeed on the merits, much less a strong one.

As to irreparable injury absent the stay, Respondent avers that if her children go back to Mexico, they will waive their rights to seek asylum in the United States. (Doc. 49.) This is not really the concern of the second prong of this analysis, because the harm considered is to the harm to the applicant, and not the children. *See Chafin*, 133 S.Ct. at 1027. Even if the immigration repercussions to the children were germane, the Court still finds that Respondent has not shown that she would be irreparably injured absent a stay–Respondent has not argued any reason for or proffered any evidence why her appeal of the immigration judge's denial of her application for asylum would be successful.

As to whether issuing the stay would substantially injure other parties, this weighs heavily against issuance. This is because even a short stay will cause the children to lose

"precious months . . . when [they] could have been readjusting to life" in Mexico. *Chafin*, 133 S.Ct. at 1029 (Ginsburg, J., concurring). Petitioner will also be harmed. He will continue to suffer the loss of his children, which is the basis of this lawsuit. *See, e.g., Wasniewski v. Grzelak-Johannsen*, Case No. 5:06-CV-2548, 2007 WL 2462643, at *7 (N.D. Ohio Aug. 27, 2007) (if the Court grants a stay, Petitioner "will continue to suffer from the very harm that led to this lawsuit, i.e., the absence of [the Children] from his life.").

As to the public interest, this also weighs heavily against issuing a stay. Under 22 U.S.C. § 9001(a)(4), "Children who are wrongfully removed or retained within the meaning of the Convention are to be *promptly* returned unless one of the narrow exceptions set forth in the Convention applies." (emphasis added). The purpose of the Convention is for the prompt return of wrongfully removed children. After a two-day hearing, the Court determined that Plaintiff has met his *prima facie* case, and that none of the narrow exceptions applies here.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Respondent's motion to stay removal pending appeal. The Court's April 12, 2016 Order in this matter (Doc. 39) remains in effect, except for this change: Respondent will now take all appropriate steps to ensure that the children are returned to Mexico on or before Thursday, May 19, 2016.

**IT IS SO ORDERED.**

       **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: May 12, 2016**